### KLOPFER v. MITTENTHAL.

(Supreme Court, Appellate Term. May 27, 1909.)

HUSBAND AND WIFE (§ 19*)—MONEY ADVANCED TO WIFE—NECESSARIES.
　　Before plaintiff can recover from defendant for money advanced to defendant's wife, after notice that defendant would not be responsible for his wife's debts, he must show defendant's financial condition, his failure to provide for his wife, and that the money was advanced for necessaries.
　　[Ed. Note.—For other cases, see Husband and Wife, Dec Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Benno Klopfer against Harry E. Mittenthal. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Leon Laski, for appellant.
Waldo & Ball, for respondent.

SEABURY, J. The plaintiff, who is the father of the defendant's wife, has recovered a judgment against the defendant for $244.68 for money advanced to the defendant's wife. On June 2, 1908, the defendant abandoned his wife, and in the same month he caused to be published in the New York Herald a notice to the effect that he would no longer be responsible for his wife's debts. The plaintiff, with knowledge of these facts, gave certain sums of money to the defendant's wife to pay debts which she had contracted. The wife of the defendant testified that, at the time her father advanced this money to her, she told him that the defendant would repay him. Notwithstanding the fact that this witness testified that her husband had not given her any money, and that she was "absolutely penniless," and that she had no means of support, she admitted upon cross-examination that she received an income of $562.50 per annum from a trust fund of $10,000, and that since October 1, 1908, she had received from the defendant $15 a week as alimony, which had been awarded by the court.

If the plaintiff is to recover in this action, he must prove that the money he advanced to the defendant's wife was for her necessaries.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If this fact is shown, then the husband's liability for such advances arises as an incident to his common-law obligation to support his wife. It is obvious that, before the court can determine whether the money advanced to the wife was for necessaries, the circumstances and condition in life of the husband must be shown, and also his failure to provide such suitable necessaries. In the case now before us the plaintiff has failed to prove either of these essential facts, and the inference drawn by the court below that the money advanced was for necessaries is without any support in the evidence, other than the conclusions testified to by plaintiff and his daughter that such was the fact. It may be that this defect of proof can be supplied upon a new trial; but as the record now stands it is insufficient to support the judgment which has been rendered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.